IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| TOD R. KIDMAN, | ) | CASE NO.: 1:07 CV 3685 |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| WELLS FARGO & COMPANY, et al., | ) | |
| Defendants. | ) | MEMORANDUM OPINION AND ORDER |

This matter is before the Court on a Motion to Dismiss Plaintiff's First Amended Class Action Complaint filed by Defendants Wells Fargo & Company, Wells Fargo Bank, N.A., and Wells Fargo Home Mortgage pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (ECF # 23.)

## I. INTRODUCTION

On May 27, 2008, Plaintiff Tod R. Kidman filed a four-count Amended Complaint against Defendants. In the Amended Complaint, Plaintiff states that he had a mortgage that was owned and/or serviced by Defendants. (*Id.* at ¶ 1.) Plaintiff alleges that, on September 8, 2006, Defendant sent him correspondence "indicating that computer disks containing [his] electronic enrollment form for home mortgage services, specifically the Wells Fargo Enhancement Program, were stolen in September of 2005." (*Id.* at ¶ 7.) Plaintiff contends, *inter alia*, that Defendants failed to: (1) install adequate security measures to ensure that his data could not be stolen and misused, and (2) adequately and timely notify him that his information had been compromised. (*Id.* at ¶¶ 20-21.) Plaintiff brings the Amended Complaint on his own behalf and on behalf of a purported class consisting of, "[a]ll residents of the State of Ohio whose

enrollment information and all other personal data was stolen during the burglary of September of 2005...." (*Id.* at ¶ 29.)

In Count I of the Amended Complaint, Plaintiff attempts to set forth a claim of breach of contract. (*Id.* at ¶¶ 40-43.) More specifically, Plaintiff alleges that:

> Defendants entered into an oral and written contract whereby they contractually guaranteed, expressly and/or implicitly, to take necessary steps to safeguard personal and confidential information that is within their possession and/or control. Defendants failed to take adequate steps to safeguard the personal and confidential information they maintained on the Plaintiff and the Class.

(*Id.* at ¶¶ 41-42.) Plaintiff claims that, as a result of Defendants' alleged breach, he and members of the class have been exposed to a greatly heightened risk of identity theft and have suffered other potential damages and losses. (*Id.* at ¶ 43.)

In Count II of the Amended Complaint, Plaintiff attempts to set forth a claim of negligence, asserting that Defendants knew, or should have known, of the risk of "imminent and serious danger posed by the disclosure of personal and confidential information by virtue of theft of computer disks containing such data." (*Id.* at ¶ 45.) Plaintiff claims that Defendants owed Plaintiff and members of the class a duty to exercise ordinary and reasonable care with respect to the collection and maintenance of personal and confidential information, and that Defendants breached that duty. (*Id.* at ¶¶ 45-46.)

In Count III of the Amended Complaint, Plaintiff attempts to set forth of a claim for invasion of privacy under Ohio common law "as well as other applicable authorities." (*Id.* at ¶ 51.) The alleged invasion of privacy stems from Plaintiff's contention that Defendants disclosed and/or failed to prevent the disclosure of personal and confidential information. (*Id.* at ¶ 49.) Plaintiff claims that, as a result of Defendants' conduct, he and the class members are entitled to

full and complete compensation for their damages and losses, "which are expected to be ongoing." (*Id.* at ¶ 51.)

In Count IV of the Amended Complaint, Plaintiff attempts to set forth a claim for breach of fiduciary duty. (*Id.* at ¶¶ 50-54.) Plaintiff claims:

> Under principles of applicable law, a fiduciary relationship was created in which Plaintiff and the members of the Class reasonably relied upon Defendants to safeguard and protect the confidential personal information that they were required to furnish to them, including (but not limited to) names, addresses, telephone numbers, social security numbers, mortgage loan numbers, and their signatures.
> Defendants understood and appreciated that fiduciary responsibilities were owed to Plaintiff and the members of the Class as a result of their good-faith entrustment of personal and confidential information to them, which had been required as part of the loan approval and administrative process. Defendants were thus aware that great care needed to be taken to safeguard the information being furnished and otherwise protect the rights and interests of Plaintiff and the members of the Class.
> Under principles of applicable law, Defendants further owed a heightened duty of fidelity and good faith, and were obligated to immediately report and aggressively respond to the theft of confidential and personal data that occurred in September 2005.

(*Id.* at ¶¶ 53-55.) Plaintiff alleges that Defendants breached the fundamental fiduciary obligations owed to Plaintiff and the class members, and claims that the damages and losses resulting from such breach are expected to be ongoing. (*Id.* at ¶ 56.)

On June 10, 2008, Defendants filed the instant Motion to Dismiss Plaintiff's First Amended Class Action Complaint. (ECF # 23.) On June 24, 2008, Plaintiff filed an Opposition to the Motion to Dismiss. (ECF # 24.) On June 27, 2008, Defendants filed a Reply in Support of the Motion. (ECF # 25.) Thus, the Motion has been briefed fully and is now ready for disposition.

3

## II. STANDARD OF REVIEW

Defendants have brought the instant Motion to Dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6). Rule 12(b)(6) allows a defendant to test the legal sufficiency of a complaint without being subject to discovery. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003). In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favorable of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court will not, however, accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000).

In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see Association of Cleveland Fire Fighters v. City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Sept. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)"). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly*, 127 S. Ct. at 1974.

## III. DISCUSSION

In support of their Motion to Dismiss, Defendants argue that Plaintiff has suffered no injury in this case. More specifically, Defendants state:

4

> Plaintiff has <u>never</u> alleged that his credit has been adversely affected. Plaintiff has <u>never</u> alleged that his confidential information has been fraudulently misappropriated. Plaintiff has <u>never</u> alleged that, in the two and a half years since the ... theft occurred, anyone has accessed or used his confidential information without his authorization. Most importantly, Plaintiff has <u>never</u> alleged – and cannot in good faith allege – that he has been an actual victim of "identity theft."

(ECF # 25 at 3 (emphasis in original).) Defendants thus claim that Plaintiff's silence is dispositive to this lawsuit, and that Plaintiff has not suffered a cognizable injury under applicable "identity exposure" case law. (*Id.*)

Although the Sixth Circuit has yet to specifically address the issue presented in the instant identity exposure case, many federal courts outside of the Sixth Circuit have indeed addressed this issue. *See Randolph v. ING Life Ins. and Annuity Co.*, 486 F. Supp. 2d 1, 10 (D.D.C. 2007) (reviewing various identity exposure cases). In doing so, courts have consistently determined that an allegation of increased risk of identity theft due to lost or stolen personal data, without more, is insufficient to demonstrate a cognizable injury. *See id.* A review of the relevant case law reveals that courts have reached this determination using different rationales – some finding that an increased risk of identity theft failed to constitute an injury-in-fact sufficient to establish Article III standing, with others finding that, although the plaintiff has standing, such a claim fails to demonstrate injury or damage sufficient to survive a motion for summary judgment. *See id.* at n.4 (comparing identity exposure cases). Here, Defendants argue that Plaintiff lacks standing to bring the claims.

Defendants' position finds support in an opinion issued by a sister court in the Sixth Circuit, namely the decision in *Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 684 (S.D. Ohio 2006). In the *Key* case, a customer brought a putative class action against a store when unauthorized

persons obtained access to store customers' confidential financial information. *Id.* There, the plaintiff attempted to set forth various causes of action, including negligence, breach of contract, conversion, and breach of fiduciary duty. *Id.* The court granted the store's motion to dismiss, finding that the plaintiff lacked standing based upon her failure to allege that she had suffered any injury-in-fact. *Id.* In particular, the court found that the plaintiff based her claims on nothing more than speculation that she would be a victim of wrongdoing at some unidentified point in the indefinite future. *Id.*

Although Plaintiff argues against the rationale in *Key*, referring to it as "patently illogical" and "nonsensical," he fails to point to any contrary case law. This Court is also unaware of any case law that undermines the consistent determination that an allegation of increased risk of identity theft due to lost or stolen personal data, without more, is insufficient to demonstrate a cognizable injury. Here, the Court finds the *Key* case to be analogous to the case at bar, and finds its reasoning to be persuasive. Applying that reasoning to the facts of this case, the Court finds that Plaintiff fails to allege that he suffered an injury-in-fact and thus does not fulfill the requirements for standing in this Court.

## IV. CONCLUSION

Based upon the foregoing, the Court finds that Plaintiff has failed to allege that he has suffered an injury-in-fact. Accordingly, Plaintiff has not satisfied the constitutional requirements for standing in federal court under Article III. As such, all of Plaintiff's claims are DISMISSED for lack of standing. This case is TERMINATED.

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATE July 7, 2008